PER CURIAM.
Biscayne Developments and Shore Excursion Marketing (Appellants) own four condominium units in the eighty-one unit Venetian Isles Condominium complex. The units were purchased from the developer in 1981, but remained unoccupied until 1987. Venetian Isle Condominium, Inc., (Association) is the association that manages and controls the property. The limited common property of the complex includes one hundred four parking spaces, only fifty of which are covered. Appellants do not have any of these covered parking spaces and, in 1995, brought an action for declaratory judgment to order a remedy for the association’s “unfair” method of assigning the covered parking spaces. Both parties moved for summary judgment. The trial court partially granted Appellants’ motion for summary judgment, concluding that the parking spaces had not been validly assigned; however, on Appellee’s motion for summary judgment, the court found that the statute of limitations barred Appellants’ claim.
We disagree with the trial court’s assessment that the record below was devoid of evidence of an assignment of parking spaces — which is also the issue on the Association’s cross-appeal — and, therefore, we reverse that determination. We agree that Appellants’ claim is barred by the statute of limitations and affirm that part of the order below.
The Declaration of Condominium, filed in 1981 with the requisite formalities, reserved to the developer, for a period of five years, the right to assign parking spaces at the condominium (not distinguishing between “covered” and “non-eov-ered” parking spaces). Apparently, there was no “formal” written assignment of parking spaces from the developer to the unit owners. Nonetheless, there was a written list — referred to as the “list of door code and parking space numbers”— maintained by Venetian Isles’ Security, of which spaces were assigned to which units. Deposition testimony below indicated that the list had initiated with the developer and had been used since 1981 to show which space corresponded to which unit. Other unit owners had, indeed, been parking in accordance with this list since 1981 and throughout this controversy. Nothing requires the written assignment of parking spaces to be a formal document. In our view, the trial judge erred in not construing the list maintained by Security as an assignment “by instrument in writing” of the parking spaces.
We agree with the trial judge that the statute of limitations, section 95.11(2)(b), Florida Statutes (1995), bars the Appellants’ claim here. Appellants knew of the disagreement regarding parking spaces in 1987, at the latest. Perhaps they were (or should have been) aware of the dispute in 1981 when they purchased the units but were not given written notice of those units’ assigned parking spaces. Nonetheless, the Appellants were certainly *466 aware of the dispute and the corresponding “damage” to them (no covered parking) in 1987, when they occupied the units. Further, there was vigorous written correspondence between the Appellants and the Association on this matter in 1987. This correspondence left no doubt that the Association intended to maintain the current parking assignments, and that the Appellants were most displeased with this position. The Appellants should have brought this action in 1987 (or within five years thereafter), when it was clear that the Association was not going to reassign or reallocate the parking just to please the Appellants. Instead, they neglected to bring the action until 1995. The trial judge properly found the action barred by the statute of limitations.
For the aforementioned reasons, we affirm the order below on the statute of limitations issue, and we reverse the order below on the written assignment issue. The Appellants’ action is barred by the statute of limitations. We remand for entry of summary judgment for the Appellee.